FEDERAL BOYNTON & another *vs.* THE MIDDLESEX MU-
TUAL FIRE INSURANCE COMPANY.

Under *St.* 1825, *c.* 141, incorporating the Middlesex Mutual Fire Insurance Company, the assured who suffers a loss by fire, may bring his action against the company in any county where an action may be brought by the provisions of the Rev. Sts. *c.* 90, §§ 15, 16, except in a case where the directors of the company, on notice of a loss, given by the assured, proceed within thirty days to ascertain and determine the amount of such loss, and the assured is not satisfied with their determination : In such case, the assured is required to bring his action at the first court in the county of Middlesex, that is competent to try it.

An action on a policy of insurance was brought in the county of Suffolk against the Middlesex Mutual Fire Insurance Company, by plaintiffs, one of whom resided in Suffolk, and the declaration merely set forth the policy, the loss, and notice given to the directors within thirty days, and the neglect of the company to pay accord-ing to the terms and conditions of the policy : The defendants pleaded in abate-ment, that the action should have been brought in the county of Middlesex. *Held,* that the plea was bad, and that the defendants should answer over.

ASSUMPSIT on a policy of insurance against fire. The writ, which was returnable to the court of common pleas in this county, at April term 1840, described one of the plaintiffs as of Cambridge in the county of Middlesex, and the other as of Boston in this county. The declaration alleged that the plain-tiffs, on the 28th of November 1832, owned and possessed cer-tain buildings and goods in said Cambridge, and that the de-fendants, on that day, in consideration, &c., caused the plaintiffs to be insured against loss by fire, for the term of seven years, and to the amount of $2000 on said buildings, and $1000 on said goods ; that all said insured property, while owned and possessed by the plaintiffs, was destroyed by fire, on the 13th of January 1838 ; that the plaintiffs, on the 10th of February next following, gave notice to the defendants, that said property was thus destroyed, and demanded payment of the loss ; whereby

the defendants, agreeably to the terms and conditions of their said policy, became and were bound to make good and indemnify the plaintiffs, &c. and to pay them, &c., and in consideration thereof, then and there promised the plaintiffs to pay them, &c.

The defendants, at the return term, filed a plea in abatement — as hereinafter stated in the opinion of the court — to which the plaintiffs demurred. The case afterwards came into this court, and the question arising on the plea and demurrer was argued at the present term.

The provisions of the act incorporating the defendants (*St.* 1825, *c.* 141,) on which they relied in support of their plea, are contained in the sections thereof which are in the margin.*

---

* *Sect.* 7. In case of any loss or damage by fire, happening to any member, upon property insured in and with said company, the said member shall give notice thereof, in writing to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss or damage may have happened; and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage; and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against the company for said loss or damage, at the first court in said county of Middlesex, competent to try the same;-and if, upon trial of said action, a greater sum shall be recovered than the amount determined upon by the directors, the party suffering shall have judgment therefor against said company, &c., but if no more shall be recovered than the amount aforesaid, the said company shall recover their costs: Provided, however, that execution shall not issue on any judgment against said company, until after the expiration of three months from the rendition thereof.

*Sect.* 8. The directors shall, after receiving notice of any loss, &c. and ascertaining the same, or after rendition of judgment, as aforesaid, against said company, for such loss or damage, settle and determine the sums to be paid by the several members thereof, as their respective portions of such loss, and publish the same, as they shall see fit, or as the by-laws shall have prescribed; and the sum to be paid by each member shall be in proportion to the original amount of his deposit note or notes, and shall be paid to the treasurer, within thirty days next after publication of said notice; and if any member shall, for the space of thirty days after such notice, neglect or refuse to pay the sum assessed upon him, or his proportion of any loss, as aforesaid, the directors may sue for and recover the whole amount of his note or notes; and the money thus collected shall remain in the treasury; subject to the payment of such losses and expenses, &c.

*H. H. Fuller*, for the plaintiffs.

*J. Keyes*, for the defendants.

SHAW, C. J.   This action is brought upon a fire insurance policy, in the name of two plaintiffs, one of whom is described to be of Cambridge in the county of Middlesex, and the other of Boston in this county.   By the general rule of law, fixing the county in which actions are to be brought, and requiring them to be brought in the county where one of the parties lives, it is provided, that if either of the parties consists of two or more persons, living in different counties, the action may be brought, so far as it depends upon their place of residence, in the county where either of such persons lives.   Rev. Sts. *c.* 90, § 15.   So far as the residence of the present plaintiffs is concerned, therefore, the action is well brought in this county.

The defendants plead, in abatement, to the jurisdiction of the court in this county, that they are a corporation established by law, that their place of business is in Concord, in the county of Middlesex, that they have no place of business in this county, and that the plaintiffs' cause of action, if any, accrued to them as members of said company and in said county ; and that they ought to have brought their action to the court of common pleas in Middlesex, and not in this, &c.   To this plea the defendants have demurred, and the plaintiffs have joined in demurrer.

It seems to us very clear, that under the general law this plea cannot be sustained.   The statute provides that when any corporation (other than a county, town, parish or school district, is a party — corporations, it is obvious, which are strictly local,) the action may be brought in any county, in which such corporation shall have an established and usual place of business ; or if the other party is a natural person, the action may be brought in the county where such person lives.   Rev. Sts. *c.* 90, § 16. It appearing from the plea that this is a corporation, other than

---

*Sect.* 11.   The directors shall settle and pay all losses, within three months after they shall have been notified as aforesaid, unless they shall judge it proper, within that time, to rebuild the house or houses destroyed, or repair the damages sustained, which they are hereby empowered to do, in convenient time :   Provided they do not lay out and expend, in such building or repairs, more tl an the sum insured on the premises.

a town, &c., and has an established place of business in Concord, and that the other party are natural persons, one of whom lives in this county, it is obvious that, by the rule cited, the action might be brought in the county of Suffolk or Middlesex.

The defendants then refer us to their act of incorporation, as prescribing a different rule in regard to this particular corporation, founded upon the consideration, that its leading object was to insure property in the county of Middlesex, and that, as a corporation for mutual insurance, each person insured is *de facto* a member of the corporation. *St.* 1825, *c.* 141. By the Rev. Sts. *c.* 2, § 3, all acts of incorporation are deemed public acts and may be declared on and given in evidence, without specially pleading the same. We therefore give the same effect to all the provisions of the act incorporating the defendants, (*St.* 1825, *c.* 141) as if it were a general law. In applying this statute to the case, some reliance was placed on the clause in § 2, that each person insured should be deemed and taken to be a member of the corporation, and be at all times concluded and bound by the provisions of the act. But we think they would be bound by it as effectually, without this express provision, as by force of it.

But the defendants rely mainly upon the provisions of §§ 7, 8 & 11, which direct how losses shall be demanded, adjusted and recovered. The 7th section provides, that if a loss demanded is not settled by the directors by adjustment or reference, the party suffering may bring his action at the first court in the county of Middlesex competent to try the same, with a special provision as to costs, and with a further provision, that upon judgment against the company, execution shall not issue, until after three months. Sections 8 & 11 provide for the assessment of the money upon the members, and for the payment by the directors.

Upon this view of the law, the defendants contend that the plaintiffs have shown no cause of action ; and they rely upon the well known rule, that where the law has provided a particular remedy in a new case, the party seeking a redress is confined to that specific remedy, and has no general remedy at

common law.   We think this maxim a sound one, and applicable to the present case.   The members are incorporated for the purpose of insuring each other, to a limited amount, and in a peculiar manner, specified in the act of incorporation.   They have no large subsisting capital, like other insurance companies, and other trading corporations.   They have, from premiums, a small available capital for current expenses and small losses, and a power to raise money, from the deposite notes of the members, and from assessments, to meet and satisfy larger claims It seems fit, therefore, that special remedies, adapted to such a state of the liabilities of the association, should be prescribed, and that those entitled should be restrained to the remedies given by their policies, modified and controlled by the act under which they were made.

But this rule must be limited to the cases for which the special remedies are provided.   If no special remedy had been provided, the party holding a policy of insurance would have had his remedy under the general law regulating contracts, and affording remedies for breaches of them.   It follows of course, that when the law has provided a special remedy for some cases and not for others, under the same contract, the party must pursue his special remedy as far as it is provided, and will be remitted to the general law for a remedy in other cases.

The special remedy is provided for a case where, on notice, the directors have proceeded to ascertain and determine the amount of loss, and the assured is not satisfied with that determination.   He is then to bring his action to the next court in the county of Middlesex, to which such action may be brought, and having jurisdiction of actions of similar nature and amount. There is much reason for this promptness.   The object seems to be, that if the amount is increased by the judgment in such action, it may be assessed upon and borne by those then liable ; whereas, without such provision, it might be brought at any time within the statute of limitations, after great changes had taken place amongst the parties liable for the loss.

Besides ; the matter to be tried, in such case, is not whether the company is liable for any thing ; but whether the amount

fixed by the directors is sufficient.   The costs are to follow, on the decision of this question.   It is in the nature of an appeal to a court and jury from the decision of the directors, on the question of the amount of damages.

It then becomes necessary to inquire whether there are not cases in which this special remedy will not apply.

The first act to be done after a loss is, for the assured to give notice in writing, within thirty days.   It is then made the duty of the directors, upon view of the premises, or in such other way as they may deem proper, to ascertain the amount of said loss or damage.   If no dissatisfaction is expressed by the assured, the directors, by § 7, have three months, within which to pay the amount of the loss in money, or rebuild the premises, or repair the damage.   And unless such dissatisfaction is expressed, and an action brought pursuant to the mode in § 7, the determination of the directors must be taken to be conclusive.

But the directors may neglect or refuse to ascertain and determine the loss, or, what will probably much more frequently happen, they may come to a determination, that the loss is one for which the company are not liable ; either because the contract was obtained by fraud or misrepresentation, because the assured had no insurable interest, or the loss was caused by the assured himself, or by popular insurrection, or other excepted risk, or that the premises were previously fully insured in some other office, or that the buildings had been so altered, after the insurance, and before the fire, as to increase the risk.   In any of these cases, the directors could not proceed to ascertain the amount of loss ; it would be a duty, which they owe the company, to resist the claim altogether.   But such determination would not be binding upon the assured, and he must have his remedy.   He could not have the special remedy provided in the act.   He must therefore have a remedy under the general law.   And we think that in such case, the corporation would be put upon the same footing, as if a special remedy for another case, by action in the county of Middlesex, had not been provided ; and that the action may be brought in the county where the plaintiffs or either of them reside.   This seems alike con-

formable to the provisions of this act, and to the equitable considerations which may be presumed to have governed the legislature in making them. If the plaintiff's entire right to recover is denied, and as it may be upon grounds implicating the honesty and fair dealing of the assured, it seems reasonable to allow him the privilege, granted by the law in most similar cases, to choose his forum. But if the right is conceded, and it is a mere question as to amount, a suit promptly brought, and tried in the vicinity, would seem to be all that is required to secure to the assured the indemnity promised by the policy.

Upon this view of the law, as there are many cases, in which the court in this county would have jurisdiction of actions against this corporation, notwithstanding the fact pleaded, that they are established and have their place of business at Concord in the county of Middlesex, the court are of opinion, that that fact is not sufficient to oust the court of common pleas in this county of its jurisdiction, and therefore, that there must be judgment of *respondeat ouster.*

At the same time it is proper to say, what indeed results from the foregoing view, that in order to maintain a general action on this policy, it will be necessary to aver and prove that the plaintiffs gave notice in writing in thirty days, and that the directors neglected or refused to determine and ascertain their loss, or refused to allow or pay any loss ; or in other words, to show that the plaintiffs pursued their special remedy, until they were prevented from reaping the fruits of it, by the act or neglect of the company, in order to show their right to recover on the general law, and of course to maintain an action in this county. Supposing this to be necessary, we are strongly inclined to think that the declaration, as it stands, would be bad on demurrer, for want of such averment. But as this will be open to an amendment, we give no opinion on that question.